# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2012

No. 11-10981
Summary Calendar

Lyle W. Cayce
Clerk

JOSHUA DAVID POYNOR,

Plaintiff-Appellee

v.

MITSUBISHI POWER SYSTEMS AMERICAS, INCORPORATED,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-308

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joshua David Poynor lost portions of two fingers when a propeller blade on a wind turbine he was servicing smashed his hand. He sued Mitsubishi Power Systems, alleging that the company's negligence caused the injury. The issue presented in this appeal is whether Poynor was a "borrowed employee" of Mitsubishi at the time of the accident. The answer to that question determines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10981

which employer pays. A jury found that Mitsubishi must pay because it was negligent and had not borrowed Poyner from his employer. We AFFIRM.

FACTS

Mitsubishi was hired to repair and maintain a number of wind turbines in the Texas panhandle. This work included periodic washing of the turbines. Mitsubishi hired a sub-contractor, Lone Star Line Services, to perform that task. Poynor was one of Lone Star's employees.

On August 12, 2009, Poynor was ordered by his supervisor to assist a Mitsubishi technician with rotating a turbine's blades. The blades had to be adjusted before Lone Star could safely clean the turbine. At some point – the exact moment is unclear – Poynor's hand was crushed by the machinery. He lost parts of two of his fingers.

Based on diversity of citizenship, Poynor filed a negligence action under Texas law against Mitsubishi in the United States District Court for the Northern District of Texas. He alleged that the Mitsubishi technician released the blade brakes in violation of the safety procedures. A jury found Mitsubishi to be liable. It specifically found that Poynor was not working as a borrowed employee of Mitsubishi. Mitsubishi moved for judgment as a matter of law or, in the alternative, for a new trial. The district court denied these requests. From these denials, Mitsubishi appeals.

DISCUSSION

We review a district court's denial of a motion for judgment as a matter of law *de novo*. *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 272 (5th Cir. 2012). This type of motion "should be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." *Id.* To see if there is enough support, "[w]e must review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d

No. 11-10981

452, 455 (5th Cir. 2011) (quotation marks and citation omitted).  The evidence that favors the moving party that the jury is not required to believe must be disregarded.  *Caboni v. General Motors Corp.*, 398 F.3d 357, 359 (5th Cir. 2005).  From this evidence, a jury may draw reasonable inferences "and those inferences may constitute sufficient proof to support a verdict."  *Wackman v. Rubsamen*, 602 F.3d 391, 399 (5th Cir. 2010) (quotation marks and citation omitted).  "We must not substitute for the jury's reasonable factual inferences other inferences that we may regard as more reasonable."  *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009) (quotation marks and citation omitted).

We review "the denial of a motion for new trial for a clear showing of abuse of discretion."  *Garriott v. NCsoft Corp.*, 661 F.3d 243, 247 (5th Cir. 2011).  This standard is more deferential than our review of a denial of a motion for judgment as a matter of law.  *Wackman*, 602 F.3d at 399.  As a consequence, our review of a denial of a motion for new trial "is subsumed in our analysis of the denial of a motion for judgment as a matter of law."  *Id.*

A suit for personal injuries in tort against an employer is not allowed when the workers compensation regime provides a remedy.  *See Exxonmobil Corp. v. Kirkendall*, 151 S.W.3d 594, 599 (Tex. App.—San Antonio 2004, pet. denied).  "Recovery of workers' compensation benefits is the exclusive remedy" in that situation.  Tex. Lab. Code § 408.001(a).  Much can turn on whether a person is a company's employee.  The complication in our case is that "a general employee of one employer may, in a particular situation, become the borrowed servant of another."  *Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.*, 208 S.W.3d 523, 542 (Tex. App.—Austin 2006, pet. denied).

To determine whether an employee was a borrowed servant at the time of the accident, Texas courts inquire into which employer had the right to control the employee.  *Id.* at 542-43.  "Under the right-of-control test, an injured worker is held to be the employee of the employer who had the right of control over the

3

No. 11-10981

details of the work at the time of the injury." *Phillips v. Am. Elastomer Prods., L.L.C.*, 316 S.W.3d 181, 187 (Tex. App.— Houston [14th Dist.] 2010, pet. denied).

The parties agree that Lone Star was Poynor's general employer. Mitsubishi asserted, but Poyner denied, that it had the right to control Poynor at the moment of injury. The jury had to make a decision based on the facts and circumstances presented at trial. *See Tex. Prop.*, 208 S.W.3d at 543-44.

The relevant portions of the record support the conclusion that Lone Star retained control of Poynor at the time of the accident. Testimony established that Poynor entered the turbine at the direction of Lone Star in order to assist a Mitsubishi technician in moving the blades. The blades had to be moved to allow Lone Star to clean the turbine. The record also demonstrates that Poynor continued to answer to his Lone Star supervisor throughout the day.

While there is other evidence that could favor Mitsubishi, the jury is entitled to use its reasonable judgment to reach a rational conclusion based upon the evidence presented. *See Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 182-83 (5th Cir. 2005). A motion for judgment as a matter of law cannot be granted simply because the evidence could support factual inferences different than those found by the jury.

AFFIRMED.