Chad McQUAGGE, Plaintiff–Appellant

v.

HEIL TRAILER INTERNATIONAL COMPANY, Defendant–Appellee.

No. 14–10556.

United States Court of Appeals, Fifth Circuit.

Feb. 24, 2015.

Jason Smith, Law Offices of Jason Smith, Fort Worth, TX, for Plaintiff–Appellant.

John W. McChristian, Ray, McChristian & Jeans, P.C., Fort Worth, TX, for Defendant–Appellee.

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

The district court entered summary judgment for Defendant–Appellee Heil Trailer International Company ("Heil Trailer"), concluding that Plaintiff–Appellant Chad McQuagge's negligence claim was barred under the exclusive remedy provision of the Texas Workers' Compensation Act ("TWCA"). McQuagge appealed, contending that the record did not establish that he was Heil Trailer's employee and thus barred from asserting his claim. We affirm.

## I. FACTS & PROCEEDINGS

Heil Trailer is a manufacturing company that constructs specialty transport trailers. Aerotek, Incorporated ("Aerotek") is a staffing agency that recruits skilled workers to fill temporary positions. Heil Trail-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

er and Aerotek entered into a services agreement (the "Agreement") by which Aerotek agreed to supply contract employees to Heil Trailer. The Agreement provided that "[i]t shall be [Heil Trailer's] responsibility to control, manage and supervise the work of the Contract Employees assigned to [Heil Trailer] pursuant to this Agreement." McQuagge, a skilled welder, joined Aerotek as an employee and shortly thereafter started working for Heil Trailer pursuant to the Agreement. A few months later, McQuagge suffered a severe injury while working at Heil Trailer when he attempted to move a three-thousand pound barrel at the direction of Chris Strunk, a Heil Trailer employee. McQuagge filed for benefits under Aerotek's workers' compensation policy; he also filed a state law negligence claim against Heil Trailer in Wise County District Court, Texas. Heil Trailer removed the action to district court based on diversity of citizenship.

Heil Trailer filed a motion for summary judgment, contending that McQuagge's negligence claim should be dismissed because as an employee covered by workers' compensation, he was barred from asserting a tort claim against Heil Trailer under the exclusive remedy provision of the TWCA.[1] McQuagge countered that he was not Heil Trailer's employee because Aerotek retained control over his work. Relying on the undisputed evidence that "McQuagge was performing [Heil Trailer's] work, using [Heil Trailer's] equipment, [and] under the instruction and supervision of [Heil Trailer's] employees," the district court held that McQuagge was Heil Trailer's employee at the time of injury and barred from asserting a negligence claim against Heil Trailer under the TWCA. McQuagge timely appealed.

## II. ANALYSIS

We review *de novo* a district court's grant of summary judgment, applying the same standard as the district court.[2] Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[3] A court must view all facts in the light most favorable to the non-movant when ruling on a motion for summary judgment.[4] When the non-moving party fails to offer proof on an essential element of its case, the court must find that no genuine issue of fact exists and enter summary judgment for the moving party.[5]

The TWCA provides that workers' compensation is the "exclusive remedy" for an employee who suffers a work-related injury.[6] An "employee" is a person in the service of another under a contract of hire, whether express or implied, or oral or written; an "employer" is "a person who makes a contract of hire, employs one or more employees, *and* has workers' compensation insurance coverage."[7] An employer has workers' compensation insur-

---

1. It is undisputed that Heil Trailer maintained workers' compensation insurance.

2. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir.2006).

3. *Id.*

4. *Id.* at 163–164.

5. *Id.* at 164.

6. Texas Workers' Compensation Act, TEX. LAB. CODE. ANN. § 408.001(a) (West 2005); *see ExxonMobil Corp. v. Kirkendall*, 151 S.W.3d 594, 599 (Tex.Ct.App.2004).

7. TEX. LAB. § 401.012 (employee); *id.* § 401.011(18) (employer).

ance coverage if it has either (1) obtained an approved insurance policy, (2) secured the payment of compensation through self-insurance as provided under the TWCA, or (3) obtained coverage provided by a governmental entity.[8] The TWCA provides that an employee may not assert common-law negligence claims against an employer unless the employer has elected not to subscribe to workers' compensation insurance.[9]

An employee may have more than one employer for purposes of the TWCA.[10] When determining whether an employee of a temporary employment agency such as Aerotek is *also* the employee of the client employer such as Heil Trailer, Texas courts look to "traditional indicia, such as the exercise of actual control over the details of the work that gave rise to the injury."[11] In *Garza v. Exel Logistics, Incorporated,* the Supreme Court of Texas considered three factors to determine whether a supplied temporary worker qualified as an employee of the client employer at the time of injury: (1) Was the employee working on the client's premises, (2) did his work further the client's day-to-day business, and (3) was he acting at the specific direction of the client.[12]

The district court determined that McQuagge was Heil Trailer's employee. We agree. Not only did the Agreement assign Heil Trailer responsibility to "control, manage and supervise the work" of temporary workers supplied to it, the undisputed evidence is that McQuagge was working under the supervision of Heil Trailer employees and on Heil Trailer premises at the time of his injury.[13] Under Texas law, Heil Trailer exercised sufficient control over the details of McQuagge's work for McQuagge to qualify as its employee.[14]

Although McQuagge urges on appeal that the application of the nine-pronged "borrowed servant" test in *Brown v. Union Oil Company of California* creates a question of material fact, *Brown* is distinguishable. First, we considered in *Brown* whether a supplied employee was a borrowed servant for the purposes of tort immunity under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.

8. *Id.* § 401.011(44); *see also Port Elevator–Brownsville v. Casados,* 358 S.W.3d 238, 242 (Tex.2012) (listing three ways that client employers can obtain workers' compensation insurance).

9. Tex. Lab. § 408.001(a).

10. *W. Steel Co. v. Altenburg,* 206 S.W.3d 121, 123 (Tex.2006).

11. *Garza v. Exel Logistics, Inc.,* 161 S.W.3d 473, 477 (Tex.2005); *see Poyner v. Mitsubishi Power Sys. Ams., Inc.,* 482 Fed.Appx. 887, 888 (5th Cir.2012) (per curiam) ("To determine whether an employee was a borrowed servant at the time of the accident, Texas courts inquire into which employee had the right to control the employee.").

12. *Garza,* 161 S.W.3d at 477; *see Bliss v. NRG Indus.,* 162 S.W.3d 434, 437 (Tex.Ct. App.2005) (applying three factors considered in *Garza*); *see also Calvasina v. Wal–Mart Real Estate Bus. Trust,* 899 F.Supp.2d 590, 601 (W.D.Tex.2012) (applying *Garza's* three factors).

13. McQuagge confirmed that, while working at Heil Trailer, his actions were under the direction of Heil Trailer supervisors. McQuagge was acting on Heil Trailer employee Chris Strunk's order to move a barrel at the time of his injury.

14. *See Garza,* 161 S.W.3d at 477 (holding that temporary worker was "employee" for purposes of the TWCA because he was working on client company's premises, his work furthered the client company's day-to-day business, and the client company issued an order that resulted in his injury).

§ 905(a).[15] *Brown* did not address the "borrowed servant" doctrine under Texas law, which is our task here. Second, assuming *arguendo* that we were required to apply the nine factors enumerated in *Brown*, our application of those factors would nevertheless support the conclusion that McQuagge was Heil Trailer's employee.[16] As we emphasized in *Brown*, the central question is whether the client employer exercised "control" over the work performed that gave rise to the injury.[17] Nothing in the record controverts the district court's conclusion that Heil Trailer controlled the details of McQuagge's day-to-day work, including the work that he was performing at the time of his injury. Although McQuagge asserts on appeal that the Agreement limited Heil Trailer's control to welding and reasonably associated activities, foreclosing our consideration of the facts and circumstances of his injury, this contention is not supported by the law.[18] The district court correctly determined that McQuagge was Heil Trailer's employee,[19] and that his exclusive remedy against Heil Trailer was for workers' compensation benefits.[20] The judgment of the district court is therefore AFFIRMED.

---

**15.** *Brown v. Union Oil Co. of Cal.*, 984 F.2d 674, 676 (5th Cir.1993) (per curiam).

**16.** We observed in *Brown* that although "[n]o single factor, or combination of them, is determinative ... this court has considered the first factor—control—to be the central factor." *Id.*

**17.** *Id.* We reject McQuagge's contention that, because he was a welder, Heil Trailer did not exercise control over his work. *See W. Steel Co., Inc. v. Altenburg*, No.13–02–450–CV, 2008 WL 963677, at *2–3 (Tex.Ct.App. Apr. 10, 2008) (rejecting welder's assertion that he was not an employee of the client company because he brought his own tools and was not under direct supervision of client company employee at the time of injury); *see also Garza*, 161 S.W.3d at 476–477 ("[W]e consider traditional indicia, such as the exercise of actual control over the details of the work that gave rise to the injury"). Moreover, undisputed evidence that Aerotek controlled McQuagge's paychecks, human resources functions, and benefits is immaterial to the ultimate question of control under Texas law. *Bliss*, 162 S.W.3d at 436–437; *see Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 138–39 (Tex.2003) (holding that worker was employee of staffing firm's client company despite the fact that the staffing firm paid the worker and managed other human resources duties).

**18.** McQuagge asserts that "[w]hen there is a contractual provision regarding the extent of control, that provision governs," and therefore Heil Trailer is precluded from relying on the facts and circumstances of the case. Reply Brief at 2 (citing *Castillo v. United States Fire Ins. Co.*, 953 S.W.2d 470, 473–74 (Tex.Ct. App.1997)). But the appellate court in that case *did* consider the facts and circumstances, along with the contract, and therefore *Castillo* does not limit our analysis to the Agreement.

**19.** McQuagge asserts two other points in support of his appeal: (1) Because Aerotek was an independent contractor, McQuagge was also an independent contractor; and (2) Heil Trailer falsified work training documents after his injury. McQuagge does not cite any case law that supports his "independent contractor" theory of recovery. Nor does he connect the alleged falsification of records to whether Heil Trailer exercised control over his day-to-day work; if anything, it supports concluding that Heil Trailer controlled his work.

**20.** *See* Tex. Lab. § 408.001(a); *Port Elevator-Brownsville*, 358 S.W.3d at 243.