Jose ZAVALA–NAVA, Appellant,

v.

A.C. EMPLOYMENT, INC. and Centron Corporation, Appellees.

No. 11–90–242–CV.

Court of Appeals of Texas, Eastland.

Nov. 14, 1991.

Rehearing Denied Jan. 9, 1992.

Steven E. Rogers, John J. Ezell, Ezell, Gunter & Rogers, Dallas, for appellant.

J. Patrick Gallagher, Douglas A. Haman, The Fillmore Law Firm P.C., Fort Worth, Marcus J. Massad, Frank Gilstrap, Hill, Heard, Gilstrap, Goetz & Moorehead, Arlington, for appellees.

## OPINION

DICKENSON, Justice.

Plaintiff, Jose Zavala–Nava, filed a common-law cause of action against A.C. Employment, Inc. (also known as Ajax Contract Employment, Inc.) and Centron Corporation, defendants, alleging that he was "employed by Defendants jointly" and that their "joint acts and omissions" caused his injuries. Both defendants moved for summary judgment on the ground that they were covered by workers' compensation insurance and that plaintiff's only cause of action was under the workers' compensation statutes.[1] The trial court granted both motions for summary judgment, and plaintiff appeals. We affirm as to A.C. Employ-

ment, Inc., but we reverse and remand as to Centron Corporation.

### Background facts

A.C. Employment, Inc. (Ajax) is an employment agency which furnishes employees for other companies. Centron Corporation had a contract with Ajax, and plaintiff was one of the employees who had been hired by Ajax to work for Centron. Plaintiff was paid by Ajax, and Ajax charged Centron a contract fee which included the wage payments, tax deductions, compensation insurance premiums, and a profit margin. Plaintiff had been instructed by Centron to clean his work clothes by immersing them in vats of acetone which were provided for this purpose. Plaintiff completed his work shift at 11:00 p.m. on September 25, 1989. As previously instructed, he cleaned his work clothes by immersing them in a vat of acetone. He took the "employment garments" home to get the acetone out of them. The next morning, plaintiff attempted to wash the acetone from those clothes by hand washing them in the bathtub at his home. The acetone fumes ignited, and plaintiff received serious burns over 40 percent of his body. Plaintiff's petition alleged that both defendants were not only negligent, but also that they were grossly negligent. He sued for actual and exemplary damages.

An agreement dated June 26, 1989, between Ajax and Centron provides in relevant part:

> AJAX shall pay the employees' salary ... [and] will *provide Workers' Compensation insurance* for the employees. (Emphasis added)

The Workers' Compensation Insurance Policy which Ajax provided shows on its face that "Ajax Contract Employment, Inc." is the named insured. Centron is one of the parties named on endorsements to the policy as an "alternate employer." That endorsement states that Part One (Workers' Compensation Insurance) "will apply as though the alternate employer is insured." The endorsement then states:

---

1. TEX.REV.CIV.STAT.ANN. arts. 8306 et seq. (Repealed by Acts 1989, 71st Leg., 2nd C.S., ch.

1, effective January 1, 1991).

[W]e will reimburse the alternate employer for the benefits required by the workers compensation law if we are not permitted to pay the benefits directly to the persons entitled to them.

*The insurance afforded by this endorsement is not intended to satisfy the alternate employer's duty to secure its obligations under the workers compensation law. We will not file evidence of this insurance on behalf of the alternate employer with any government agency.* (Emphasis added)

### Point of Error

Plaintiff argues in his sole point of error that the trial court erred in granting both of the motions for summary judgment. We must view the summary judgment evidence in the light most favorable to the non-movant. See TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 at 548 (Tex.1985).

### Employment Status

■ While pleadings are not summary judgment proof, they can contain judicial admissions which eliminate the need for proof. See *Houston First American Savings v. Musick,* 650 S.W.2d 764 at 767 (Tex.1983); *Daves v. State Bar of Texas,* 691 S.W.2d 784 at 790 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.), *appeal dism'd,* 474 U.S. 1043, 106 S.Ct. 774, 88 L.Ed.2d 754 *rehearing den'd,* 475 U.S. 1061, 106 S.Ct. 1289, 89 L.Ed.2d 596 (1986). Plaintiff claimed in his pleadings that he was employed by both defendants; consequently, neither is required to prove that it was his employer in order to invoke the workers' compensation defense to plaintiff's common-law cause of action.

### Appeal as to Ajax

■ The summary judgment proof shows that Ajax is a "subscriber" under the Texas Workers' Compensation statutes; consequently, plaintiff's claim against that defendant is barred by the express language of Article 8306, section 3a, supra note 1, which states:

An employee of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right.

The employee's election to retain the common-law cause of action is now found at TEX.REV.CIV.STAT.ANN. art. 8308–3.08 (Vernon Pamph.1991). We overrule the sole point of error insofar as it challenges the summary judgment that plaintiff take nothing against A.C. Employment, Inc. (Ajax).

### Appeal as to Centron

■ The summary judgment proof does not show that Centron is a "subscriber" under the Texas Workers' Compensation statutes; consequently, plaintiff's common-law claim for damages against that defendant was not barred by Article 8306, section 3a. Under the present law, the result would be the same.[2] We sustain the sole point of error insofar as it challenges the summary judgment that plaintiff take nothing against Centron Corporation.

■ Centron cites *Cherry v. Chustz,* 715 S.W.2d 742 (Tex.App.—Dallas 1986, no writ), and argues that it is "directly on point." *Cherry* is distinguishable, but it does contain language which supports Centron's position. However, the opinion also states, 715 S.W.2d at 743:

We note initially that the statute [Article 8306, section 3a] seems to state that … an injured employee is barred from suing *any* of his employers *if he is also the employee of a subscriber.* We doubt that the legislature intended to enact so inexplicable a scheme, but we need not attempt to clarify this provision in this case. Instead, we hold that, in addition to being Thomas Cherry's "employer" under the statute, Chustz has also shown as a matter of law that he was a "sub-

---

**2.** See TEX.REV.CIV.STAT.ANN. arts. 8308–3.03 and 8308–3.04 (Vernon Pamph.1991).

scriber" under the statute. (Emphasis added)

We also doubt that the legislature intended to exempt a non-subscriber borrowing employer (the party with the right to control) from liability if the lending employer (the party who hires and pays the employee) was a subscriber under the Workers' Compensation statutes. See and compare *Archem Company v. Austin Industrial, Inc.*, 804 S.W.2d 268 at 269 (Tex.App.—Houston [1st Dist.] 1991, no writ), where the court states:

> Where one entity "borrows" another's employee, workers' compensation law identifies *one party* as the "employer" and treats all others as third parties. (Emphasis added)

The Dallas Court of Appeals held in *Cherry* that it could see "no reason" why an employer could not contractually provide for payment of premiums on his employees by a third-party acting on his behalf. We have no quarrel with that statement; however, the summary judgment proof in this case clearly shows that Ajax was the insured subscriber and that Centron was an "alternate employer." We also note that the insurance policy specifically provided that the insurance provided "is not intended to satisfy the alternate employer's duty to secure its obligations under the workers compensation law."

### Disposition

The summary judgment that plaintiff take nothing from A.C. Employment, Inc. is affirmed. The summary judgment that plaintiff take nothing from Centron Corporation is reversed, and that cause of action is remanded.