**Sherri L. MARSHALL and Donald Marshall, Appellants,**

v.

**TOYS–R–US NYTEX, INC., Appellee.**

**No. B14–90–00956–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1992.

Rehearing Denied Feb. 27, 1992.

Clinard J. Hanby, Houston, for appellants.

Ann Mcgee, John Milano, Jr., San Antonio, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Plaintiffs below appeal a summary judgment granted Toys–R–Us Nytex. In a single point of error, appellants claim the trial court erred because (1) Toys–R–Us failed to plead statutory immunity under the worker's compensation act, (2) there were fact issues concerning who was Ms. Marshall's employer and whether Toys–R–Us was a subscriber under the worker's compensation act, and (3) there was no evidence of actual or constructive notice that Toys–R–Us was a subscriber. The judgment of the trial court is affirmed.

Sherri Marshall was employed through the Star of Hope Mission and worked as a temporary employee through Labor Systems, Inc., d/b/a Maverick Texas Associates. In October, 1986, Labor Systems assigned Marshall to work at Toys–R–Us placing price tags on toys. While working in its warehouse, she was injured when a stack of boxes tumbled onto her after being hit by a forklift truck operated by a Toys–R–Us employee. Labor Systems filed a worker's compensation claim on Marshall's behalf.

Marshall sued Toys–R–Us for negligence, assault and battery, and gross negligence. Toys–R–Us moved for summary

judgment alleging statutory immunity under Texas Revised Civil Statute article 8306, section 3, which, at the time Toys–R–Us filed its motion, provided:

> The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for.

Marshall responded to the motion for summary judgment claiming she was not an employee of Toys–R–Us, that Toys–R–Us had not pled statutory immunity in its answer, that Toys–R–Us had not proven that it was a worker's compensation subscriber, and that Toys–R–Us had not notified Marshall that it was a subscriber. The trial court granted the motion and ordered that Marshall take nothing by her suit.

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. The standard for review of a summary judgment has been clearly set forth by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985):

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.
3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

■ This court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965). The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979). The nonmovant, however, must expressly set forth its reasons for defeating the summary judgment in the trial court, and when necessary, establish a fact issue. *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982). Pleadings do not constitute summary judgment proof. Such proof must be in the form of admissions, affidavits, depositions, etc. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971). The fact issues must be brought to the attention of the trial court in order to rely on them on appeal. *Miller v. Soliz*, 648 S.W.2d 734, 737–38 (Tex.App.—Corpus Christi 1983, no writ).

■ Appellant first contends that summary judgment should not have been granted since Toys–R–Us failed to plead statutory immunity under the worker's compensation act in accordance with Tex. R.Civ.P. 94. Appellant orally conceded the invalidity of this point of error at submission. Toys–R–Us filed its motion for summary judgment on the ground that it was entitled to immunity as a subscriber under the worker's compensation act, and as such put this defense "openly in issue" in accordance with Rule 94. The fact that Toys–R–Us failed to plead immunity specifically in its answer is of no consequence, since a motion for summary judgment *is* a pleading. *NCNB Texas Nat. Bank v. Anderson*, 812 S.W.2d 441 (Tex.App.—San Antonio 1991, no writ); *Nicholson v. Memorial Hospital System*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

■ Appellant next complains that the summary judgment was improperly granted since she raised a fact issue as to who her employer was at the time of the accident. Texas courts recognize that an employee of one employer may become the

borrowed servant of another. *Sparger v. Worley Hospital, Inc.*, 547 S.W.2d 582, 583 (Tex.1977); *Carr v. Carroll*, 646 S.W.2d 561, 563 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). The "borrowed servant" doctrine protects the employer who had the right of control over the manner and details of the employee's work from common-law liability. *Carr*, 646 S.W.2d at 563. Where both employers are operating under a contract expressly assigning the right to control, a court can dispose of the borrowed servant issue without the necessity of considering the facts and circumstances of the project. *Bucyrus–Erie Co. v. Fogle Equipment Corp.*, 712 S.W.2d 202, 204 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Without a written agreement, the right to control is necessarily determined from the facts and circumstances of the project. *Producers Chemical Co. v. McKay*, 366 S.W.2d 220, 226 (Tex.1963); *Carr*, 646 S.W.2d at 565.

Toys–R–Us attached to its motion for summary judgment the affidavit of Mike Solon, sales manager of Labor Systems at the time of appellant's injury. Solon claims that all instructions were given and the details of the work to be performed by the workers assigned by Labor Systems to Toys–R–Us were controlled by Toy–R–Us, and the workers were to be paid by Toys–R–Us on an hourly basis. Solon also states the employees were to be covered by worker's compensation insurance to be obtained by Labor Systems. The cost of this insurance was included in the fee paid by Toys–R–Us for the temporary employee services. The record indicates further that appellant was given instructions by Toys–R–Us concerning the manner in which she was to perform the tasks assigned to her, and she was provided with the tools to perform such tasks by Toys–R–Us. No employee from Labor Systems ever instructed appellant on the details of her work, nor did anyone from Labor Systems supervise her work.

To its response to the motion, appellant attached a copy of a daily ticket from Labor Systems. The ticket, which was issued by Labor Systems, stated, in part, "This is our employee's time ticket." It contained no instructions from Labor Systems to Toys–R–Us concerning appellant's work other than stating that she was not to operate any truck, automobile, or forklift.

The same situation was presented on appeal in *Denison v. Haeber Roofing Co.*, 767 S.W.2d 862 (Tex.App.—Corpus Christi 1989, no writ). Here as there, the appellant, a temporary worker hired by the appellee from a temporary employment agency, sued the appellee for alleged negligence resulting in injury to the appellant. In both cases, the Insurance Company of North America filed a petition in intervention, alleging that it paid the appellant worker's compensation and was entitled to reimbursement from the appellee. The trial court granted summary judgment for the appellee on the basis of statutory immunity under the worker's compensation act, and the appellant appealed claiming that a fact issue had been raised as to whether the appellant was the appellee's "borrowed servant." There was no express written contract to indicate which of the parties had the right of control over the manner and details of the appellant's work. The court thus analyzed the facts and circumstances surrounding the work to determine whether the appellant had raised the issue of right of control in its affidavit. In *Denison*, the summary judgment evidence showed that the appellee provided the appellant with tools and told him what to do on the jobsite. The appellee's supervisor controlled the appellant's hours, told him when to take breaks, and supervised his activities at the time he was injured. In neither case did the temporary service agency provide guidance or supervisory personnel on the jobsite. Stating that borrowed servant status depends on the circumstances of the particular action causing the injury, the court determined that the appellant failed to raise a fact issue and affirmed the judgment of the trial court.

Here, as in *Denison*, the evidence presented by the temporary employer, Toys–R–Us, established as a matter of law that it had the right of control at the time of the accident. Appellant has offered no

evidence to the contrary. Thus, appellant's second contention is without merit.

Thirdly, appellant claims that summary judgment was improperly granted because there is a fact issue as to whether Toys–R–Us is a subscriber under the worker's compensation act. In support of this claim, appellant asserts that although no actual policy of insurance was offered into evidence, the check stubs evidencing appellant's recovery of worker's compensation benefits show the policyholder to be Labor Systems and not Toys–R–Us. Appellant further claims that after the accident, Labor Systems, and not Toys–R–Us, took her to its doctor and filed the injury report.

Article 8309 of the Worker's Compensation Act, as it existed at the time of the incident in question, defined "subscriber" as "an employer who has become a member of the association by paying the required premium." *See* TEX.REV.CIV.STAT. ANN. art. 8309 (Vernon Supp.1989), *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(15), (18), eff. Jan. 1, 1991. Pursuant to the agreement between Labor Systems and Toys–R–Us, temporary employees were to be covered by worker's compensation insurance which was to be obtained and maintained by Labor Systems. The cost of such insurance, however, was included in the fee paid to Labor Systems by Toys–R–Us for the temporary employee services. All that was required for Toys–R–Us to be a subscriber was that it pay the premiums on the insurance. The affidavit of Labor Systems attached to the motion for summary judgment provides sufficient evidence of this. The manner in which the insurance is paid is immaterial as long as there is a compensation policy in force. *LeJeune v. Gulf States Utilities Co.,* 410 S.W.2d 44, 48 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). The fact that the check stubs show Labor Systems as the policyholder is irrelevant, since the statute does not require an employer to be a policyholder. "To require [the subscriber] to personally prepare and sign the checks paying the premiums would serve no useful purpose and would put a strained construction on the word 'paying.'" *Cherry v. Chustz,*

715 S.W.2d 742 (Tex.App.—Dallas 1986, no writ). Likewise, the fact that Toys–R–Us did not take appellant to its doctor or file the injury report is irrelevant. *Archem Company v. Austin Industrial, Inc.,* 804 S.W.2d 268, 270 (Tex.App.—Houston [1st Dist.] 1991, n.w.h.); *Denison,* 767 S.W.2d at 866. Appellant's third contention is without merit.

In her fourth argument under her sole point of error, appellant alleges that she received neither actual nor constructive notice that Toys–R–Us was a subscriber under the worker's compensation act, and, therefore, the motion for summary judgment should not have been granted. Under the Act, an employer must provide employees with notice that the employer has provided for payment of compensation for their injuries. *Ferguson v. Hospital Corporation International, Ltd.,* 769 F.2d 268, 270 (5th Cir.1985). Additionally, an employer's compensation insurer is required to notify the Industrial Accident Board that the insurer has provided compensation coverage for the employer. *Id.* The filing of notice with the Board constitutes constructive notice to the employees for purposes of the Act. *Id.* Labor Systems obtained and maintained insurance pursuant to its agreement with Toys–R–Us. Further, the check stubs showing that appellant collected worker's compensation benefits from the Insurance Company of North America, who intervened in this lawsuit, indicate that Labor Systems obviously gave notice to the state pursuant to the Act. Such notice inures to the benefit of Toys–R–Us, who became a subscriber through the policy by paying the premiums. Thus, when Labor Systems gave notice to the state, appellant was put on constructive notice that Toys–R–Us was a subscriber under the Act. Appellant's complaint that she failed to receive notice is without merit. Accordingly, her sole point of error is overruled.

The judgment of the trial court is affirmed.