**Lucrecia PEDERSON and Michael Pederson, Appellants,**

v.

**APPLE CORRUGATED PACKAGING, INC., Appellee.**

**No. 11–93–204–CV.**

Court of Appeals of Texas, Eastland.

Feb. 24, 1994.

Order Overruling Motion for Rehearing April 20, 1994.

Donald C. McLeaish, Duncanville, Stephan A. Collmer, Dallas, for appellants.

Chester G. Ball, Ball, Landrith, Kulesz, Arlington, for appellee.

## OPINION

McCLOUD, Chief Justice.

This case involves the exclusive remedy provision of the Texas Workers' Compensation Act when an employee who is receiving workers' compensation insurance benefits sues the employer for common-law damages resulting from a work-related injury.

Lucrecia Pederson sued Apple Corrugated Packaging, Inc. for injuries she received on January 28, 1991, while working for Apple on Apple's premises and under Apple's direction and control. Lucrecia filed a common-law cause of action alleging that Apple's negligence proximately caused her injuries. Michael Pederson, Lucrecia's husband, joined in the suit seeking loss of consortium and the loss of the services of his wife. Apple filed a motion for summary judgment contending that Lucrecia was its employee at the time of the injury; that she was covered and was receiving workers' compensation benefits as a result of the injury; and that the recovery of workers' compensation benefits was the plaintiffs' exclusive remedy. Plaintiffs urged in their response that the summary judgment proof failed to establish that Apple was Lucrecia's employer under the Workers' Compensation Act and that Apple was a "subscriber" who had paid premiums on the workers' compensation insurance being collected by Lucrecia. The trial court granted Apple's motion for summary judgment. We affirm.

Apple had the burden of showing that there was no genuine issue of material fact and that it was entitled to summary judgment as a matter of law. We must review the summary judgment evidence in the light most favorable to plaintiffs. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985).

Lucrecia was working on Apple's premises on January 28, 1991, when she was injured while performing her work assignment. At the time of the injury, she had worked for Apple for approximately two years. Lucrecia testified by deposition that she was supervised by and received her work instructions from Apple. Plaintiffs admit in their brief that, at the time of her injury, "she was under the direction and control of Appellee in her work activities."

Tommy Hill stated in his affidavit that he was a co-owner of Apple and that, on January 28, 1991, when she was injured, Lucrecia was an employee of Apple. She had applied for employment at Apple's office, had gone

through an evaluation period, and was then hired as an hourly employee. Hill stated that he was Lucrecia's immediate supervisor, that she was under Apple's supervision at all times, and that the details of her employment were directed by Apple. Hill further stated in his affidavit that Apple carried its workers' compensation insurance "through an arrangement with a company called Staff Benefits, Inc." and that Lucrecia was covered with workers' compensation insurance at all times while working for Apple.

The summary judgment proof shows that the workers' compensation benefit checks received by Lucrecia and her medical bills were paid by Houston General Insurance Company. The "Employer's First Report of Injury" and "Payment of Compensation" claim show that the name of the "Employer" was "Staff Benefits, Inc." A weekly compensation benefit check payable to Lucrecia shows the "insured" as "Staff Benefits, Inc." Lucrecia stated by deposition that she was unaware of the role of Staff Benefits and that she "never understood it" but that she knew she had workers' compensation insurance coverage. On April 8, 1993, when her deposition was taken, Lucrecia stated that she had been receiving $174.41 each week since her injury on January 28, 1991, and that Houston General Insurance Company was paying her medical bills.

On January 28, 1991, the date of the injury, "employer" was defined in part in TEX. REV.CIV.STAT.ANN. art. 8308–1.03(19) (repealed) as: "[A] person that makes a contract of hire, that employs one or more employees, and that has workers' compensation insurance coverage."[1]

The exclusive remedy provision of the Texas Workers' Compensation Act was defined in part in TEX.REV.CIV.STAT.ANN. art. 8308–4.01 (repealed) as:

[R]ecovery of workers' compensation benefits under this Act is the exclusive remedy of an employee or legal beneficiary against the employer or an agent, servant, or employee of the employer for the death of or

a work-related injury sustained by a covered employee.[2]

■ For workers' compensation purposes, the party with the "right to control" the employee at the time of the injury is the "employer." *Archem Company v. Austin Industrial, Inc.,* 804 S.W.2d 268 (Tex.App.— Houston [1st Dist.] 1991, no writ). The evidence conclusively demonstrates that Apple had the right to control Lucrecia in the work that she was performing at the time she was injured. See *Producers Chemical Company v. McKay,* 366 S.W.2d 220 (Tex.1963). Plaintiffs, however, argue that an issue of fact has been raised as to whether Apple is the employer under the Texas Workers' Compensation Act because of the documents showing "Staff Benefits Inc." as the employer and the insured. Plaintiffs contend that, even though Apple had the right to control Lucrecia, the documents raise an issue of fact as to whether Apple had "workers' compensation insurance coverage" under Article 8308–1.03(19). Plaintiffs argue that the evidence raises an issue as to whether Apple was a "third party" that was not protected by the Workers' Compensation Act.

Apple carried its workers' compensation insurance "through an arrangement" with Staff Benefits, Inc. Substantial workers' compensation benefits had been paid to Lucrecia and to the parties furnishing medical services to Lucrecia. Staff Benefits, Inc., with whom Apple had an "arrangement," had performed certain administrative procedures to provide those benefits to Lucrecia. We hold that the evidence conclusively establishes that Apple, who controlled the work performed by Lucrecia, satisfied the requirements of Article 8308–1.03(19) by providing "workers' compensation insurance coverage" for Lucrecia. Apple was Lucrecia's employer under the Texas Workers' Compensation Act.

■ Plaintiffs cite *Marshall v. Toy–R–Us Nytex, Inc.,* 825 S.W.2d 193 (Tex.App.— Houston [14th Dist.] 1992, writ den'd), and *Zavala–Nava v. A.C. Employment, Inc.,* 820

---

**1.** Employer is now defined in TEX.LAB.CODE ANN. § 401.011(18) (Vernon Pamph.1994).

**2.** The exclusive remedy provision is now found in TEX.LAB.CODE ANN. § 408.001 (Vernon Pamph.1994).

S.W.2d 14 (Tex.App.—Eastland 1991, writ den'd), and argue that Apple had the burden of showing either that it paid the insurance premium or that it contracted with another company to provide the insurance coverage. We point out that the two cited cases involved TEX.REV.CIV.STAT.ANN. art. 8306, § 3 (repealed), which controlled the exclusive remedy of an injured employee before January 1, 1991. Both *Marshall* and *Zavala-Nava* were concerned with the troublesome requirement that the employer had to be a "subscriber." See *Cherry v. Chustz,* 715 S.W.2d 742 (Tex.App.—Dallas 1986, no writ). The exclusive remedy provision of the Texas Workers' Compensation Act, both at the time of the injury and at the present time, no longer requires that the employer be a "subscriber." Therefore, the cited cases and other similar cases discussing the "subscriber" requirement are no longer applicable. The exclusive remedy provision at the time of Lucrecia's injury provided that recovery of workers' compensation benefits was the exclusive remedy of a "covered employee." [3]

The record conclusively establishes that Lucrecia was receiving workers' compensation benefits as a result of her injury while working for Apple and that those benefits resulted from an "arrangement" between Apple (her employer) and Staff Benefits, Inc. Lucrecia was a "covered employee" under Article 8308-4.01.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

■ Plaintiffs cite TEX.REV.CIV.STAT. ANN. art. 9104, § 11 (Vernon Supp.Pamph. 1994) and argue that the legislature "apparently concluded that workers' compensation coverage only applied to the leasing company, or in this case, Staff Benefits and not the client company, Appellee." First, we note that Article 9104, involving regulation of "Staff leasing services," became effective on September 1, 1993. This injury occurred on January 28, 1991. Also, Section 11(c) of Arti-

cle 9104 expressly provides that "[f]or workers' compensation insurance purposes, a licensee and its client company shall be *co-employers.*" (Emphasis added)

Plaintiffs' motion for rehearing is overruled.

ARNOT, J., not participating.

---

**3.** Section 408.001, the present exclusive remedy provision, provides in part:
> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage

or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.