Affirmed and Memorandum Opinion filed October 28, 2004









Affirmed
and Memorandum Opinion filed October 28, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00181-CV

____________

 

RICKY HOLDER, Appellant

 

V.

 

BMS CATASTROPHE,
INC.,
Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 02-46213

 



 

M E M O R A N D U M   O P I N I O N

Ricky Holder appeals from the trial court’s grant of summary
judgment favoring BMS Catastrophe, Inc., on Holder’s negligence cause of
action.  The trial court held that
Holder’s lawsuit was barred by the exclusive remedy provision of the Texas
Workers’ Compensation Act.  In a single
issue, Holder contends that the provision does not bar his suit because BMS was
not a subscriber under the Act, did not have workers’ compensation insurance,
and was not an additional insured on another’s policy.  Because the summary judgment evidence
established that BMS provided workers’ compensation insurance through its
contract with another company, we affirm.








Background

At the time of the injury, Holder was an employee of Adecco,
a provider of temporary workers. 
Following Tropical Storm Allison, Adecco contracted with BMS to provide
workers, including Holder, to assist in the cleanup of Memorial Hermann
Hospital.[1]  While working at this location and under the
direction of a BMS supervisor, Holder used a chair as a step-stool to check a
light fixture.  When the chair slipped,
he fell and allegedly injured his back. 
Holder brought suit against both Adecco and BMS, alleging that their
negligence caused his injuries.  Because
Adecco carried workers’ compensation insurance, Holder’s action against it was
non-suited pursuant to the exclusive remedy provision of the Texas Workers’
Compensation Act.  Tex. Lab. Code Ann. § 408.001(a)
(Vernon 1993).  Subsequently, Holder
accepted payments from Adecco’s insurer. 
BMS moved for summary judgment based on the exclusive remedy
provision.  Its motion was supported by
uncontroverted testimonial evidence demonstrating that it had paid a provider’s
fee to Adecco that included a mark-up for workers’ compensation insurance.  The trial court granted summary judgment favoring
BMS.

Standard of Review

We review summary judgments under a de novo standard.  Provident Life & Acc. Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). 
To obtain summary judgment, a movant must show that there is no genuine
issue of material fact and that it was entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546, 548
(Tex. 1985).  In determining whether a
disputed fact issue exists, we must take evidence favorable to the nonmovant as
true and resolve any doubts in favor of the nonmovant.  Id. 
Summary judgment may be based on uncontroverted testimonial evidence by
interested witnesses but only if the evidence is credible, clear, positive,
direct, free from contradictions and inconsistencies, and could have been
readily controverted.  Tex. R. Civ. P. 166a(c).








Discussion

The Texas Labor Code provides that “recovery of workers’
compensation benefits is the exclusive remedy of an employee covered by
workers’ compensation insurance coverage or a legal beneficiary against the
employer or an agent or employee of the employer for the death of or a
work-related injury sustained by the employee.” 
Tex. Lab. Code Ann. §
408.001(a).  An “employer” is defined
under the Act as “a person who makes a contract of hire, employs one or more
employees, and has workers’ compensation insurance coverage.”  Id.
§ 401.011(18).[2]  In his sole issue, Holder contends that the
exclusive remedy provision does not apply here because BMS did not have a
policy in its name and was not listed as an additional insured under Adecco’s
policy.








We have held on several occasions that, in order to have
workers’ compensation coverage, a special employer, or employer of a “borrowed
employee,” does not have to be an actual policy holder or a named insured on
another’s policy; it is sufficient that the costs of the insurance were paid by
the special employer through its fees to the general employer.  See Brown v. Aztec Rig Equip. Inc.,
921 S.W.2d 835, 840 (Tex. App.—Houston [14th Dist.] 1996, writ denied); Gibson
v. Grocers Supply, Co., 866 S.W.2d 757, 759 & n.2 (Tex. App.—Houston
[14th Dist.] 1993, no writ); Marshall v. Toys-R-Us Nytex, Inc., 825
S.W.2d 193, 197 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (“The manner
in which the insurance is paid is immaterial as long as there is a compensation
policy in force.”).  Other courts of
appeals have ruled similarly.  See,
e.g., Garza v. Excel Logistics, Inc., 100 S.W.3d 280, 288 (Tex.
App.—Houston [1st Dist.] 2002, pet. granted) (holding that exclusive remedy
provision applied to special employer because it paid costs of maintaining workers’
compensation insurance to general employer); Rodriguez v. Martin Landscape
Mgmt., Inc., 882 S.W.2d 602, 605–06 (Tex. App.—Houston [1st Dist.] 1994, no
writ) (holding that the client employer satisfied the statutory requirement by
paying the general employer the cost of the workers’ compensation premiums); Cherry
v. Chustz, 715 S.W.2d 742, 744 (Tex. App.—Dallas 1986, no writ) (“We see no
reason why an employer cannot contractually provide for payment of premiums on
his employees by a third party acting on his behalf.”); see also Pederson v.
Apple Corrugated Packaging, Inc., 874 S.W.2d 135, 137–8 (Tex. App.—Eastland
1994, writ denied) (holding that exclusive remedy provision applied because
plaintiff was covered through an arrangement between her employer and another
company that actually held the policy).[3]

Holder does not dispute the holdings in these cases but
contends that the Texas Supreme Court recently overruled them in Wingfoot
Enterprises v. Alvarado, 111 S.W.3d 134 (Tex. 2003).  However, the Court in Wingfoot
explicitly stated

We think it prudent to emphasize that
we are deciding today only whether there may be two employers for workers’
compensation purposes when a provider of temporary workers furnishes a worker
to a client that controlled the details of the work at the time the worker was
injured and there was no agreement between the provider of temporary workers
and the client regarding workers’ compensation coverage.








Id. at
144.  The Court then cited several of the
cases discussed above and stated that “[n]one of the issues presented in the
foregoing cases are before us today, and we express no opinion on those
issues.”  Id. at 145.  Thus, the supreme court expressly limited its
holding to cases where the general and special employer have made no agreement
regarding the provision of workers’ compensation coverage.  Holder’s contentions regarding Wingfoot
are without merit, and we continue to be bound by our prior decisions holding
that a special employer is covered by the workers’ compensation exclusive
remedy provision if that employer paid for workers’ compensation insurance
through the general employer.  See
Brown, 921 S.W.2d at 840; Gibson, 866 S.W.2d at 759; Marshall,
825 S.W.2d at 197.

We turn now to BMS’s summary judgment evidence.  BMS presented testimonial evidence regarding
its payment of workers’ compensation premiums through Adecco, Holder’s general
employer.  In his affidavit, Scott
Bevier, a BMS Vice-President, stated that, during negotiations for temporary
workers, a representative of Adecco specifically told him that the fee included
workers’ compensation coverage.  He
further stated that this was standard industry practice, and he identified a
check attached to his affidavit as payment from BMS to Adecco for the services
of temporary workers, including Holder. 
In her deposition testimony, Diane Terry, Adecco’s regional
representative, stated that, although she did not specifically remember
discussing coverage with Bevier, Adecco’s pricing includes workers’
compensation premiums, she usually informs clients of this policy during
negotiations, and it is standard industry practice to cover workers’
compensation premiums in the fees charged. 
Neither Bevier’s affidavit nor Terry’s deposition testimony was
controverted by other evidence.  The
evidence could have been readily controverted and was otherwise credible,
clear, positive, direct, and free from contradictions and inconsistencies.  See Tex.
R. Civ. P. 166a(c).  Accordingly,
we find that this evidence conclusively demonstrated that BMS provided for
workers’ compensation benefits through its payments to Adecco.  Therefore, summary judgment was properly
granted based on the exclusive remedy provision of the Texas Workers’
Compensation Act.  See Tex. Lab. Code Ann. § 408.001(a); Marshall,
825 S.W.2d at 197.  Holder’s sole point
of error is overruled.

The trial court’s judgment is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed October 28, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.











[1]  Accordingly,
Adecco was Holder’s “general employer,” and BMS was his “special
employer.”  See generally Wingfoot
Enters. v. Alvarado, 111 S.W.3d 134, 136 n.9, 143 n.55 (Tex. 2003).





[2]  In his summary
judgment responses, Holder expressly acknowledged that he was employed by BMS
at the time of the accident.





[3]  In Pederson,
the Eastland Court of Appeals suggested that, because the exclusive remedy
provision was amended to drop the requirement than an employer be a
“subscriber,” all an employer had to prove to receive the benefit of the
provision was that the employee was covered at the time of the injury.  874 S.W.2d at 138.  However, the First Court of Appeals has
disagreed with this analysis, stating that the change to the provision was a
“distinction without a difference.”  Rodriguez,
882 S.W.2d at 605 (holding that the Marshall case was still
controlling).  However, both
interpretations are consistent with our ruling in the present case; therefore,
we need not voice an opinion on this issue.