OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

September 4, 2002

The Honorable J.E. "Buster" Brown
Chair, Senate Natural Resources Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0551

Re: Whether the term "two designated lanes of a highway," as used in section 545.0651(b) of the Texas Transportation Code, may be construed to mean "two or more lanes" (RQ-0524-JC)

Dear Senator Brown:

You have requested our opinion regarding the proper construction of section 545.0651(b) of the Texas Transportation Code, which authorizes a municipality to "restrict, by class of vehicle, through traffic to two designated lanes of a highway in the municipality." For the reasons set forth below, we conclude that the "two-lane" restriction refers to precisely *two* lanes rather than to "two or more lanes."

Section 545.0651(b) of the Transportation Code was adopted in 1997 and provides as follows:

> (b) A municipality by ordinance may restrict, by class of vehicle, through traffic to two designated lanes of a highway in the municipality.

TEX. TRANSP. CODE ANN. § 545.0651(b) (Vernon 1999). "Highway," for purposes of this provision, is defined as "a public roadway" that:

> (A) is in the designated state highway system;
>
> (B) is designated as a controlled access facility; and
>
> (C) has a minimum of three travel lanes, excluding access or frontage roads, in each direction of traffic.

*Id.* § 545.0651(a)(2). An ordinance adopted under this provision is required to:

> (1) be in effect only during peak traffic hours of a workday; and

(2) allow a restricted vehicle to use any lane of the highway to pass another vehicle and to enter and exit the highway.

*Id.* § 545.0651(c). Before a municipality adopts an ordinance under section 545.0651(b), it must "submit to the [Texas Department of Transportation] a description of the proposed restriction." *Id.* § 545.0651(d). The municipality may not enforce the restrictions unless:

(1) the department's executive director or the executive director's designee has approved the restrictions; and

(2) the appropriate traffic control devices are in place.

*Id.* § 545.0651(d)(1)-(2). Subsection (e) provides that Department of Transportation (the "Department") approval must:

(1) be based on a traffic study performed by the department to evaluate the effect of the proposed restriction; and

(2) to the greatest extent practicable, ensure a systems approach to preclude the designation of inconsistent lane restrictions among adjacent municipalities.

*Id.* § 545.0651(e). In addition, the executive director of the Department "may suspend or rescind approval" under this section for one or more of the following reasons:

(1) a change in pavement conditions;

(2) a change in traffic conditions;

(3) a geometric change in roadway configuration;

(4) construction or maintenance activity; or

(5) emergency or incident management.

*Id.* § 545.0651(f). Finally, the Department is directed to "erect and maintain official traffic control devices necessary to implement and enforce an ordinance adopted and approved under this section." *Id.* § 545.0651(g).

Information submitted with your request indicates that the City of Houston (the "City") has already implemented subsection (b) on a portion of Interstate 10 east of downtown Houston, by

restricting eighteen-wheelers and other large trucks[1] to the two outside lanes of the controlled access highway. Because that part of the highway consists of a total of three controlled-access lanes in each direction, only the one inside lane in each direction is designated for the sole use of passenger cars and other "light" vehicles. The City now proposes to adopt an ordinance applying the same restrictions to a portion of Interstate 45 north of downtown Houston. That part of the highway has four controlled-access lanes in each direction. Thus, by restricting large trucks to the two outside lanes, the two inside lanes would be designated solely for the use of passenger cars and other light vehicles.

The Department opposes such restricted use of two lanes in each direction on that stretch of highway, and suggests that the use of the term "two designated lanes" in section 545.0651(b) should be read as "two or more designated lanes." In that event, large trucks would be permitted to use three of the four lanes in each direction of Interstate 45 North, and only the inside lane would be reserved for the use of passenger cars and other light vehicles. The City disagrees with this construction of the statute. You ask whether the term "two designated lanes" may reasonably be construed to mean "two or more designated lanes."

In our view, it is clear that the word "two" cannot be read to mean "two or more." The word "two," in the context of your question, is defined as "the cardinal number next after one; one added to one." XVIII OXFORD ENGLISH DICTIONARY 771 (2d ed. 1989). When a statute is clear and unambiguous, its words are given their common meaning. *Ex parte Evans*, 964 S.W.2d 643, 646 (Tex. Crim. App. 1998); *Raines v. Sugg*, 930 S.W.2d 912, 913 (Tex. App.–Fort Worth 1996, no writ). As the Supreme Court has said, "it is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex. 1999) (citing *Liberty Mut. Ins. Co. vs. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)). The Supreme Court has recognized that language may not be added to a statute unless doing so is necessary to effectuate legislative intent. *Id.* at 867. "Only truly extraordinary circumstances showing unmistakable legislative intent should divert us from enforcing the statute as written." *Id.*

The legislative history does not reveal unmistakable legislative intent that large trucks should be restricted from two or more lanes of a controlled-access highway. On the contrary, the legislature specifically rejected similar language. Section 545.0651(b), as originally introduced in House Bill 393, provided that "[t]he ordinance may include restrictions on the use of *one or more lanes* of a highway." Tex. H.B. 393, 75th Leg., R.S. (1997) (Introduced version) (emphasis added). The committee substitute "deleted provisions that would have restricted application to cities of 250,000 people or more and allowed restrictions to be imposed on one or more highway lanes." HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. Comm. Substitute H.B. 393, 75th Leg., R.S. (1997). A

---

[1]"Truck" is defined as "a motor vehicle designed, used, or maintained primarily to transport property." TEX. TRANSP. CODE ANN. § 541.201(21) (Vernon Supp. 2002).

companion bill, Senate Bill 773, was introduced in the Senate without any lane limitations. Tex. S.B. 773, 75th Leg., R.S. (1997) (Introduced version). The Senate Committee on State Affairs rejected this version, and reported favorably a committee substitute. Tex. Comm. Substitute S.B. 773, 75th Leg., R.S. (1997). Senate Bill 773 was then adopted by both houses as the present version of section 545.0651 of the Transportation Code, incorporating the companion bills into one. Thus, both the House and the Senate considered alternatives to the present language of section 545.0651(b), and rejected each of them.

The Department argues that the word "two" should be interpreted to mean "two or more" because to restrict large truck traffic to only two lanes would produce an absurd result in this situation.[2] It is well established that courts will not construe a statute in a manner that will lead to a foolish or absurd result if another alternative is available. *Del Indus., Inc. v. Tex. Workers' Comp. Ins. Fund,* 973 S.W.2d 743, 747 (Tex. App.–Austin 1998), *aff'd,* 35 S.W.3d 591 (Tex. 2000). In our opinion, however, there is nothing absurd about a construction that would restrict large trucks to two lanes on a four-lane highway. Such a result is entirely feasible of execution. Furthermore, as we recently recognized in Attorney General Opinion JC-0493, few, if any, cases recognizing the absurd-results principle have departed from the plain meaning of the statute. Tex. Att'y Gen. Op. No. JC-0493 (2002) at 5-6. *See also* Tex. Att'y Gen. Op. No. JC-0267 (2000) (an anomalous result is not necessarily an absurd result).

In our view, there can be no doubt that the legislature intended the word "two" to mean exactly "two" and not "two or more." It is therefore our opinion that the "two-lane" restriction of section 545.0651(b) of the Transportation Code refers to precisely two lanes rather than to "two or more lanes."

---

[2]Brief from Jack Ingram, Associate General Counsel, Texas Department of Transportation, to Ms. Susan Denmon Gusky, Chair, Opinion Committee, Office of the Attorney General (May 1, 2002) (on file with Opinion Committee).

## S U M M A R Y

Section 545.0651(b) of the Texas Transportation Code authorizes a municipality to "restrict, by class of vehicle, through traffic to two designated lanes of a highway in the municipality." The term "two" means precisely *two* and may not be construed to mean "two or more."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee