

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

February 10, 2003

Eduardo J. Sanchez, M.D., M.P.H.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. GA-0019

Re: Whether drug pricing information collected by the Department of Health and used by the Interagency Council on Pharmaceuticals Bulk Purchasing is subject to disclosure under the Public Information Act (RQ-0585-JC)

Dear Commissioner Sanchez:

You ask several questions about the release of certain drug pricing information by the Texas Department of Health (the "Department") and by the Interagency Council on Pharmaceuticals Bulk Purchasing (the "Council"). You also ask whether the Council is subject to the Texas Open Meetings Act, chapter 551 of the Government Code, and if so, whether the Council may meet in executive session to discuss pricing information received from the Department.

The 77th Legislature enacted House Bill 915, "an act relating to the bulk purchasing of prescription drugs by certain state agencies." Tex. H.B. 915, 77th Leg., R.S. (2001). Section 1 added chapter 110 to the Health and Safety Code to create the Interagency Council on Pharmaceuticals Bulk Purchasing.[1] Section 110.002 provides:

> The Interagency Council on Pharmaceuticals Bulk Purchasing is composed of an officer or employee from each of the following agencies, appointed by the administrative head of that agency:
>
> (1) the Texas Department of Health;
>
> (2) the Texas Department of Mental Health and Mental Retardation;
>
> (3) the Correctional Managed Health Care Committee;
>
> (4) the Employees Retirement System of Texas;

---

[1]We note that the Legislature inadvertently added another chapter 110 to the Health and Safety Code during the 77th Legislative session which created the Rural Foundation. We only address the chapter 110 which created the Interagency Council on Pharmaceuticals Bulk Purchasing.

(5) the Teacher Retirement System of Texas; and

(6) any other agency that purchases pharmaceuticals designated by the commissioner of health and human services.

TEX. HEALTH & SAFETY CODE ANN. § 110.002 (Vernon Supp. 2003). The Council does not have its own staff; rather, "[t]he council's member agencies shall provide staff for the council." *Id.* § 110.005.

Among the Council's duties are the development of "procedures that member agencies must follow in purchasing pharmaceuticals." *Id.* § 110.006(a). In addition, the Council is required to "investigate any and all options for better purchasing power, including expanding Medicaid purchasing, qualifying for participation in purchasing programs under 41 U.S.C. Section 256b, as amended, and using rebate programs, hospital disproportionate share purchasing, and health department and federally qualified health center purchasing." *Id.* § 110.006(d)(1). Furthermore, the Council is to "make recommendations regarding drug utilization review, prior authorization, the use of restrictive formularies, the use of mail order programs, and copayment structures to member agencies." *Id.* § 110.006(d)(2). Finally, subsection (g) provides:

> The council shall develop procedures under which the council may disclose information relating to the prices that manufacturers or wholesalers charge for pharmaceuticals by category of pharmaceutical. The council may not disclose information that identifies a specific manufacturer or wholesaler or the prices charged by a specific manufacturer or wholesaler for a specific pharmaceutical.

*Id.* § 110.006(g). Thus, the Council is expressly prohibited from disclosing a specific category of information – "that [which] identifies a specific manufacturer or wholesaler or the prices charged by a specific manufacturer or wholesaler for a specific pharmaceutical." *Id.* On the other hand, the Council is specifically directed to "develop procedures under which the council may disclose information relating to the prices that manufacturers or wholesalers charge for pharmaceuticals by category of pharmaceutical." *Id.*

Section 2 of House Bill 915 added section 431.116 to the Health and Safety Code. That provision states, in relevant part:

> (b) A person who manufactures a drug, including a person who manufactures a generic drug, that is sold in this state shall file with the department:
>
> (1) the average manufacturer price for the drug; and

(2) the price that each wholesaler in this state pays the manufacturer to purchase the drug.

(c) The information required under Subsection (b) must be filed annually or more frequently as determined by the department.

(d) The department and the attorney general may investigate the manufacturer to determine the accuracy of the information provided under Subsection (b). The attorney general may take action to enforce this section.

(e) The department shall report the information collected under Subsection (b) to the Interagency Council on Pharmaceuticals Bulk Purchasing.

TEX. HEALTH & SAFETY CODE ANN. § 431.116 (Vernon Supp. 2003).

You first ask whether the pricing information collected by the Department and received by the Council is excepted from disclosure under the Public Information Act, chapter 552 of the Government Code. That statute defines "public information" as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." TEX. GOV'T CODE ANN. § 552.002(a) (Vernon Supp. 2003). The Public Information Act also contains a large number of exceptions to disclosure. Section 552.101 excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101 (Vernon 1994). The second sentence of section 110.006(g) of the Health and Safety Code prohibits the Council from *disclosing* "information that identifies a specific manufacturer or wholesaler or the prices charged by a specific manufacturer or wholesaler for a specific pharmaceutical." TEX. HEALTH & SAFETY CODE ANN. § 110.006(g) (Vernon Supp. 2003). "A law does not have to use the word 'confidential' to expressly impose confidentiality." *In re City of Georgetown*, 53 S.W.3d 328, 334 (Tex. 2001). Thus, such information in the possession of the Council is excepted from disclosure under the Public Information Act as information considered to be confidential by statutory law, specifically, section 110.006(g) of the Health and Safety Code.

You next ask whether the pricing information covered by section 110.006(g) is confidential when in the possession of the Department. As we have noted, drug manufacturers are required to report drug pricing information to the Department, which is in turn directed to report this information to the Council. Section 431.116 of the Health and Safety Code contains no confidentiality provision equivalent to section 110.006(g).

Both chapter 110 and section 431.116 were enacted as part of the same bill. If we were to conclude that section 431.116 could be used to gain access to information expressly made confidential by chapter 110, House Bill 915 would be rendered virtually meaningless. The Code

Construction Act declares that "[i]n enacting a statute, it is presumed that . . . a just and reasonable result is intended." TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998). A court will not read a statute in a manner that will lead to a foolish or absurd result when another alternative is available. *Del Indus., Inc. v. Tex. Workers' Comp. Ins. Fund*, 973 S.W.2d 743, 747 (Tex. App.–Austin 1998), *aff'd*, 35 S.W.3d 591 (Tex. 2000). Furthermore, in construing a statute, we may consider, *inter alia*, the "object sought to be attained," and the "consequences of a particular construction." TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 1998). Where application of a statute's plain language would lead to absurd consequences that the legislature could not possibly have intended, a court will not apply the statutory language literally. *Korndorffer v. Baker*, 976 S.W.2d 696, 699 (Tex. App.–Houston [1st Dist] 1997, pet. dism'd w.o.j.); *see also Tex. Dep't of Pub. Safety v. LaFleur*, 32 S.W.3d 911, 915 (Tex. App.–Texarkana 2000, no pet.).

In addition, when the Department collects the drug pricing information at issue here, it is acting as the agent of the Council. As we have noted, the Council has no staff of its own, but relies on its member agencies for staffing. Although *the Council* has numerous duties with regard to the drug pricing information it receives from the Department, *the Department* has only one duty with respect to such information. While the Department, along with the attorney general, *may* investigate the manufacturer to determine the accuracy of the information, its only *duty* consists in reporting the information to the Council. Thus, it may reasonably be said that the Department acts, with respect to drug pricing information, merely as a conduit of that information.

In Attorney General Opinion JM-446, this office considered whether the State Purchasing and General Services Commission (the "Commission") was required to furnish, under the Open Records Act (now the Public Information Act), "the records . . . of long-distance calls made from telephone numbers assigned to the state Supreme Court." Tex. Att'y Gen. Op. No. JM-446 (1986) at 1. The opinion found that the Commission "is properly to be considered the agent of the Texas Supreme Court in collecting the records and abstracting information from them, and their disposition is the prerogative of the court, not of the commission." *Id.* at 2. "Open Records Act exceptions or exclusions applicable to records in the hands of the principal also apply to such records in the hands of the agent." *Id. See also* Tex. Att'y Gen. ORD Nos. 411 (1984), 398 (1983) (district attorney holds grand jury records as the custodian or agent of the grand jury).

In the same manner, the Department, pursuant to section 431.116 of the Health and Safety Code, merely acts as the collecting agent for the Council. The Department, beyond determining "the accuracy of the information," TEX. HEALTH & SAFETY CODE ANN. § 431.116(d) (Vernon Supp. 2003), is charged with only one duty with regard to the information it collects, and that duty is to "report the information collected . . . to the Interagency Council on Pharmaceuticals Bulk Purchasing." *Id.* § 431.116(e). Accordingly, information that is confidential under section 110.116(g) in the possession of the Council is also confidential while in the possession of the Department.

You next ask, whether, if a member of the Council shares with his or her agency the pricing information made confidential by section 110.006(g), that information is excepted from disclosure under the Public Information Act. Section 110.006(g) expressly declares that the Council "*may not*

*disclose* information that identifies a specific manufacturer or wholesaler or the prices charged by a specific manufacturer or wholesaler for a specific pharmaceutical." *Id.* § 110.006(g) (emphasis added). A statute that is plain and unambiguous on its face will generally be construed as written. *Brazos River Auth. v. City of Graham*, 354 S.W.2d 99, 109 (Tex. 1961). *See also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (where a statute is clear, courts will not look to extrinsic aids such as legislative history to determine the legislature's intent). Because section 110.006(g) prohibits the Council from disclosing the specific drug pricing information referred to therein, a member of the Council is not permitted to share such information with his or her agency. Thus, in answer to your specific question, we conclude that pricing information made confidential by section 110.006(g) is excepted from disclosure under the Public Information Act.

Your final two questions inquire as to whether the Council is subject to the Open Meetings Act, and if it is, whether the Council may meet in executive session to discuss drug pricing information received from the Department. The Open Meetings Act, chapter 551 of the Government Code, provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). "Governmental body" is defined, *inter alia*, to include "a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members." *Id.* § 551.001(3). The Council is clearly a committee within the executive branch of government. It is directed by at least five members "appointed by the administrative head" of at least five agencies. *See* TEX. HEALTH & SAFETY CODE ANN. § 110.002 (Vernon Supp. 2003).

"Meeting" is defined in the Open Meetings Act as "a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action." TEX. GOV'T CODE ANN. § 551.001(4) (Vernon 1994). Thus, a governmental body that has supervision or control over public business is subject to the Open Meetings Act. *See* Tex. Att'y Gen. Op. Nos. H-772 (1976), H-438 (1974). It is obvious that the Council has numerous substantive policy-making powers. It is required to "develop procedures that member agencies must follow in purchasing pharmaceuticals." TEX. HEALTH & SAFETY CODE ANN. § 110.006(a) (Vernon Supp. 2003). It is directed to "investigate any and all options for better purchasing power, including expanding Medicaid purchasing, qualifying for participation in purchasing programs under 42 U.S.C. Section 256b, as amended, and using rebate programs, hospital disproportionate share purchasing, and health department and federally qualified health center purchasing." *Id.* § 110.006(d)(1). Furthermore, the Council "may enter into agreements with a local governmental entity to purchase pharmaceuticals for the local governmental entity." *Id.* § 110.006(f).

In Attorney General Opinion JC-0053, this office said that a pricing committee appointed by the Texas Public Finance Authority Board of Directors to act on the board's behalf in negotiating a bond sale and executing a contract is an entity subject to the Open Meetings Act. Tex. Att'y Gen. Op. No. JC-0053 (1999) at 7. House Bill 915 transfers authority to negotiate the best drug price

from each member agency to the Council itself. The statute leaves no room for doubt that the Council is a governmental body that has supervision or control over public business, and is thus subject to the Open Meetings Act.

Finally, you ask whether the Council may meet in executive session to discuss drug pricing information received from the Department. Since 1978, the Attorney General has consistently held that there can be no implied authority for a governmental body to meet in executive session, and that exceptions from disclosure under the Public Information Act cannot be grafted onto the Open Meetings Act to permit an executive session where none is authorized by the latter. *See* Tex. Att'y Gen. Op. No. MW-578 (1982). The Public Information Act does not authorize a governmental body to hold an executive session to discuss particular information merely because the information falls within the exceptions to the Public Information Act. *See* Tex. Att'y Gen. Op. No. JM-595 (1986). We conclude that the Council is not authorized to meet in executive session to discuss drug pricing information made confidential under section 110.006(g) of the Health and Safety Code.

## S U M M A R Y

Neither the Texas Department of Health nor the Interagency Council on Pharmaceuticals Bulk Purchasing may disclose "information that identifies a specific manufacturer or wholesaler or the prices charged by a specific manufacturer or wholesaler for a specific pharmaceutical." *See* TEX. HEALTH & SAFETY CODE ANN. § 110.006(g) (Vernon Supp. 2003). Information in the possession of the Council is excepted from disclosure under the Public Information Act as information considered to be confidential by statutory law.

Information that is confidential under section 110.006(g) in the possession of the Council is also confidential while in the possession of the Department. A member of the Council may not share with his or her agency the pricing information made confidential by section 110.006(g).

The Interagency Council on Pharmaceuticals Bulk Purchasing is a governmental body that has supervision or control over public business, and is thus subject to the Open Meetings Act. The Council is not authorized to meet in executive session to discuss drug pricing information made confidential under section 110.006(g) of the Health and Safety Code.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee